**KAUFMAN & FISHER WISH COMPANY, LTD., Plaintiff–Appellant,**

v.

**F.A.O. SCHWARZ, Defendant–Appellee.**

No. 01–9370.

United States Court of Appeals, Second Circuit.

Oct. 31, 2002.

Eric Vaught–Flam, Rubin Bailin Ortoli Mayer & Baker, LLP (Marc Jonas Block, on the brief) New York, NY, for Appellant.

Barry Werbin, Herrick, Feinstein, LLP (Stacy Kellner Rosenberg, on the brief) New York, NY, for Appellee.

Present: WALKER, Chief Judge, NEWMAN, and F.I. PARKER, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit,

held at the United States Courthouse, Foley Square, in the City of New York, on the 31st day of October, two thousand and two.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** That the judgment of the district court be and it hereby is *AFFIRMED.*

Plaintiff-appellant Kaufman & Fisher Wish Company (K&F) appeals from the October 25, 2001 judgment of the district court granting defendant-appellee F.A.O. Schwarz's motion for summary judgment on plaintiff's Lanham Act claim and New York State unfair competition claim. On appeal, K&F argues that the district court erred in finding that K&F had provided insufficient evidence of (1) product-design or product-packaging trade dress distinctiveness, or (2) consumer confusion. We review the district court's grant of summary judgment *de novo.*

Since 1998, appellant K&F has produced and marketed "Amanda Love, the Original Wish Doll" ("Amanda Love"), a soft-sculptured "wishing" doll designed by K&F's sole shareholder, Susan Fisher Kaufman (Kaufman). Between September of 1998 and the spring of 2000, K&F sought, unsuccessfully, to persuade F.A.O. Schwarz to carry its doll. In its Fall 2000 catalogue, F.A.O. Schwarz included "Alluwishes," a wish doll made by a German toy manufacturer. K&F's lawsuit alleges that F.A.O. Schwarz's Alluwishes doll infringes on the trade dress of K&F's Amanda Love.

In order to demonstrate trade dress infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), a plaintiff must prove that the trade dress is distinctive as to the source of the goods, and that the defendant's product trade dress creates a likelihood of confusion as to the source of the product. *See Wal–Mart Stores, Inc. v.* *Samara Bros., Inc.,* 529 U.S. 205, 210, 120 S.Ct. 1339, 146 L.Ed.2d 182 (2000). To make out a claim for common law unfair competition in New York, a plaintiff must show bad faith and either actual confusion to obtain damages or likelihood of confusion to obtain injunctive relief. *See Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.,* 58 F.3d 27, 34–35 (2d Cir.1995). Because likelihood of confusion is required for both plaintiff's Lanham Act claim and its New York unfair competition claim, and because we agree with the district court that there has been no showing of likelihood of confusion, we limit our discussion to this issue.

K&F argues that the district court erred in finding that F.A.O. Schwarz did not copy Amanda Love's trade dress and that K&F was not entitled to a presumption of consumer confusion. We disagree. Although appellant is correct that copying can give rise to a presumption of consumer confusion, see *Paddington Corp. v. Attiki Imps. & Distribs., Inc.,* 996 F.2d 577, 586–87 (2d Cir.1993), it presented no direct evidence to support a finding of actual copying. K & F maintains that bad faith copying can be inferred from (1) the fact that Schwarz had samples of Amanda Love before marketing Alluwishes and (2) the alleged similarity between the dolls. *See id.* at 587 (noting that Second Circuit has upheld findings of bad faith copying where actual or constructive knowledge was combined with "similarities so strong that it seems plain that deliberate copying has occurred"). Because the dolls look nothing alike, however, we agree with the district court that there is no basis for a finding of intentional copying and, thus, no presumption of consumer confusion. *See Nabisco, Inc. v. Warner–Lambert Co.,* 220 F.3d 43, 46 (2d Cir.2000) (noting that summary judgment is "warrant[ed] ... if the court is satisfied that the ... marks are so

dissimilar that no question of fact is presented") (internal quotation marks omitted) (second alteration in original). K&F argues that there are numerous points of similarity between the dolls; but we conclude that most of these points of similarity are due to the commonality of the concept of an angelic wish doll marketable to young girls.

K&F also argues that the district court erred by not adequately considering the sworn statements of three non-customers who called F.A.O. Schwarz, asked if the store had "the original wish doll," and were told by the clerk that the store carried it (when in fact the store carried Alluwishes). We disagree. These telephone calls provide no evidence that the product's trade dress, rather than the unprotected wish doll concept, created the confusion. Furthermore, when considered alongside the gross dissimilarity between the products, it is plain that these statements raise no genuine issue of fact as to the likelihood of consumer confusion.

We therefore agree with the district court that the strong dissimilarity between the dolls forecloses the possibility of a jury finding that consumer confusion is likely. Because K&F's failure to demonstrate that there is a genuine issue of fact regarding likelihood of confusion resolves the case, we need not consider the issue of trade dress distinctiveness.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.